Good morning, your honors. May it please the court, my name is James Dion. I represent the Lake Washington School District in this manner. The facts are important in this case. The facts are that the school district filed a due process hearing contesting whether or not an evaluation the school district provided to the parent in this case was appropriate. Basically the district did that because there was a question whether or not the IEP that can't have an IEP that's appropriate if you don't have an evaluation that's appropriate. Parents simultaneously filed their own due process hearing contesting the IEPs and evaluations for the last two years, which was allowed by the statute of limitations. It's a two-year statute of limitations. At the time they did this, they also placed the student in a very expensive private one-on-one tutoring program in lieu of the school district's program and asked the school district to reimburse the parents for that program pending the resolution of the due process hearing. The administrative law judge, as soon as it was filed, scheduled a due process hearing, gave notice to both parties, also scheduled a pre-hearing that was about four weeks after the case was filed for the parties to discuss the issues in the case. After receiving the notice of the scheduled hearing dates, the parent's attorney scheduled two vacations that directly conflicted with the dates that the hearing was set for. At the pre-hearing, four weeks after she filed the case, the attorney asked, completely in surprise to the school district's attorney, asked the administrative law judge for a continuance for four months. The administrative law judge had set the hearing within the 45 days that requires a decision to be decided in a special education case. She asked for 120 days continuance beyond that 45-day timeline. She argued that the reason for the continuance was that she had two vacations that she had already scheduled. She also argued that she had to prepare two other cases that the school district had no notice of. There was not much discussion of when those cases were. In fact, the cases were a couple of months after the date that the original date of the hearing in this particular case. And she also admitted that she had an associate available that had no conflict that could have done the cases, but she said that associate wasn't competent to do the case, the particular cases that she was asking the continuance for. Sounds like just the motion for continuance is we get all the time a grant. Are we violating parties' due process rights if we grant continuances for all argument? In the circumstances of a due process case for special education, Your Honor, we believe the school that it is a violation, Your Honor, because of the timelines, because of the promise in the idea that you will have a quick, timely, prompt due process hearing to resolve the matter. And if you don't do that, there's an inherent harm that's caused to the student and to anybody who has a right to a due process hearing, which in this case is the school district as well as the student. But Mr. Dionne, doesn't both the IDEA and Washington law expressly give the ALJ the ability to grant specific extensions of time at the request of either party? And if that right, Your Honor, I agree with you that the state's position in this matter that the ALJ has authority that's unfettered and has no limits to its discretion, because if one parent, one side asks for continuance, the statute allows them to do so. How would you cabin that? Do you agree that the language of the regulation and Washington state law says that the ALJ can, in quotes, grant specific extensions of time at the request of either party? Do you dispute that? No, I don't dispute that. That's in the regulation. That's not in IDEA. Okay, so what's in the regulation is right. But how would you cabin that? What's the due process violation if both the regulations under the IDEA and Washington state law permit that? How are we to cabin that? It seems pretty clear. In any analysis of due process, Your Honor, whether it's statutory or constitutional, there's always an analysis of whether or not delay causes the loss of due process rights. And how? I'm sorry. School district has a due process right. It's included specifically. It's not just parents in this case. They have a due process right. And so the school district's arguing that at some point the school district has lost their right guaranteed by IDEA if that delay in granting the due process procedure exceeds some unreasonable amount of time. And how would one measure that? Well, you'd have to measure it with respect to the 45 days that the Department of Education has construed what is a reasonable period of time for a due process hearing. Anything that's significantly larger, anything that's three times longer than that 45-day period would seem to be per se unreasonable. I'm a little puzzled. I used to represent a school district, so I empathize with you and the enormous costs involved in this legislation. But isn't your beef with the Congress and with the legislature of the state of Washington? Your Honor, we think that there is an enforceable right for the school district under IDEA to enforce the 45-day timeline. But what is it? I mean, are you asking us to legislate from the bench, horror of horrors? All we need, Your Honor, is a statement from this Court that, in fact, the state owes school districts a duty to provide a prompt, timely due process hearing without unnecessary delay. So what's the time limit you want us to set? 15 days, 20 days, 30 days, 45 days, 90 days? Where would we find such a time limit you're suggesting anywhere in the case law? I think, Your Honor, that the 45-day timeline that the Department of Education has said is a reasonable period of time. All right, so 46 days violates due process? Excuse me? What, 46 days violates due process? I wouldn't say it's that minimal, Your Honor. All right, how about 60 days? Does that violate due process? It violates it. No, I mean, what case could you possibly give us that would say that? Your Honor, there are many cases under constitutional due process where those arguments are made. And the argument all involves whether or not the right that is being protected by due process is lost in some way by the extent of the delay that's being requested for granting the due process right. It's under Matthews v. Eldridge, United States Supreme Court. All right, but that has nothing to do with IDEA? It's still a due process right. Your Honor, it's protecting the property right of the defendant, but the analysis is the same. When Congress enacted IDEA, Senator Williams' comment is the Ninth Circuit has quoted three times in the last 20 years, delay causes harm and... Even in the constitutional right of a speedy trial, viewing it constitutionally, not by statute, the time periods are vastly in excess of what you're talking about today. And that's a constitutional right that's specifically enumerated. I think it depends on the statute, Your Honor. That's what Matthews v. Eldridge says in a constitutional basis. There are statutes where 30 days, anything longer than 30 days is a denial of due process case. There are cases that say that. And in this case, the school district has a 45-day timeline that's been construed by the Department of Education, which gives the court guidelines for what is an unreasonable period of time. How about all deliver at speed, like Brown v. Board of Education? Would that work? No, Your Honor, I don't think it would. I think that in this particular circumstance of a child's education, all deliver at speed would be excessive. Does the school district ever ask for extra time? Ever ask for a motion to continue? I think the statute says that either party can ask for a continued, so I'm sure the school district could do. The judge can choose to grant or not grant it, right? In this case, the state is arguing that the judge's discretion for making that decision is unfettered, and that we think the violation of the law. I don't think you're answering the question. I'm sorry, maybe I did. The question was the judge can choose to grant or not grant it. Yes, they can, and that's what we're appealing. So what bright-line rule are we supposed to give here that tells your judge when they're not supposed to? If the vacation has been prepaid, you can't go on vacation. If you still have money left to pay, you can? Something like that? I think the court should consider the circumstances, and under the circumstances where you schedule two vacations after you get the date for the hearing, I think that that's unreasonable, and that shouldn't be grounds for a continuance. One final question before we sit down. What do you do with the cases from other circuits indicating that school districts don't have the right to enforce procedures under the IDEA? And I think the cases are distinguishable, Your Honor. The Seventh Circuit case specifically does grant the school district the right to sue the state, and that case is Board of Education versus Cali. It's an Illinois case in the year 2000. It allows the school district to grant the right to sue, and I think the court, I think the case has misconstrued the role of the school district in these situations. The school district is actually not just a private individual asking for the right to sue. It involves the enforcement of an agency designated by the statute to protect those with disabilities, and in the case of Hawaii Disability Rights versus Opportunities for the Retarded Incorporated, 513-SUP-1185-2007, that distinction allowed a party named in the statute itself to be able to sue the state, and that's a similar right that the school district argues in this case. It's not a private party. Did the school district exhaust its administrative remedies before filing this lawsuit? Well, I think that's another reason, Your Honor, why the state, even the cases that the court just discussed, allow exhaustion, and in this case, the school district argued that exhaustion wasn't required, that it was an exception, because it's a policy. The state has admitted there is... Is that a no? Excuse me? Is that the answer to the question, no? You didn't exhaust your administrative remedies? No, we did.  Thank you, counsel. Thank you, Your Honor. Thank you. Good morning, Your Honors. I'm Derek Marabato. I represent the Office of Superintendent of Public Instruction. This is my colleague, Kyle Cruz, who's counsel for the Office of Administrative Hearings. I'm a little puzzled by counsel's argument. As I understand it, the school district argued no, and they certainly claimed in their complaint that this case arises under the IDEA. This is really the first time we've heard about Matthews v. Eldred during a constitutional due process claims. I would submit that to the extent that counsel is raising them for the first time here, they should be disregarded. What I'm prepared to argue about is the IDEA, and I thought because... I thought we'd start by talking about standing, but because, Your Honor, it's brought to our attention the case, the Sixth Circuit case that you asked Mr. Dionne about, I thought it would be worthwhile to spend some time discussing that. We think the decision in that case is clearly correct. The IDEA, well, Congress drafted it for one reason and implements it for one reason, and that is to protect children. It's not designed with all due respect to school districts to prevent school districts from having significant financial burdens placed upon them. We made an argument similar to the one that was addressed in the Traverse Bay case below in our motion to dismiss, and we touched on it, you might recall, in our brief to this court. Got a little bit muddled up in the systemic argument, the exhaustion argument that Your Honors were asking Mr. Dionne about. We think it's a little bit of a puzzle on how to fit the Traverse Bay case into the systemic exhaustion line of cases announced by this course in the Heft and Doe cases, but I thought I'd give it a try if the court would indulge me. The Kutasi case, which is cited in our briefs, reminds us that the futility exemption, it derives from the language of the IDEA itself. And the necessary question, the one that Kutasi emphasized, and the one that all of the exhaustion cases in this circuit, Payne, Blanchard, and Rob, have looked to, the question is what is the remedy? What is it that the plaintiff in the IDEA case is looking for? Now, any alleged systemic violation of the IDEA, Your Honors, is simply a variation of the futility inadequacy exemption. If you think about it, the reason that Mr. Dionne's client has alleged that there's a systemic violation here is I would suppose that the claim is we don't have an adequate remedy. Can I ask you this, counsel, before you go on further on that argument? Does the school district have standing to sue in this case? Well, Your Honor, we think the answer to that question is clearly no. And we think the Los Angeles versus Lyons really spells out why that is. In order to get Article III standing here, you have to make assumption upon assumption. What are those assumptions? The assumptions are that this school district, Lake Washington, is going to have a dispute with a parent pertaining to special education. We're going to have to assume. That's a fair assumption. Well, fair enough. But we're going to have to assume that that dispute is going to go under the IDEA to an ALJ. We're going to have to assume that the request is going to be made by one of the parties for an extension. And to answer your question, Judge Collins, school districts routinely ask for extensions of time in IDEA cases. We're also going to have to assume that the judge is going to grant that extension of time and that it's going to have to be for a certain period of time. And then we're going to have to assume, and this is the key, and this is why I was talking about the remedy, we're going to have to assume that the effect of that extension of time is going to undermine the school district from a financial position, that they're going to be on the hook for an additional dollars in a settlement, or that ultimately, as in this case, there's a possibility that there's going to have to be heightened reimbursement for private placement of the child. Those are a lot of assumptions, piled upon assumptions, way too speculative in our view, way too speculative in the view of Judge Layton below. And this puts it far outside of the Article III standing. Let me ask you, and I realize this requires us perhaps to go outside the record, what's really going on here? Is your agency giving a lot of extensions on a routine basis to both parties? Are we having a systemic delay in the administration of the IDA in Washington? Your Honor, the answer to that is no. I'm confident Mr. Dionne would disagree with that. The reality is we don't have too many instances in this state of cases going to an ALJ. Most of them are settled out before that. When extensions are granted, Judge Collins, they're routinely granted because school districts have asked for it. Why? Well, often the hearing will be set, the 45-day hearing that's required under the rule will be set during the summertime. Staff aren't available during the summertime. Experts need time to prepare. And yes, sometimes the parents ask for an extension because they've just gotten a lawyer. That lawyer needs to have adequate time to prepare the case. Are there any publicly noticeable documents that would shed any light on this for us? I would invite you to do what I would do, which would be to peruse the electronic files of the Office of Superintendent of Public Instruction. I can't let you know, Judge Thomas, whether or not those actually ... Okay. No, that's a fair answer. But I can tell you, I can represent to you that in my own analysis of this, that the vast majority of requests for extension do come from school districts. And we're talking about a small category of cases here. What's going on, Your Honor, is that my understanding is that the council's client and school districts general are frustrated with what they perceive as the overly adversarial nature of IDEA cases. They're frustrated that parents have attorneys who, in their opinion, are turning this into gamesmanship for purposes of securing attorney's fees. Well, our response to that would be, this is litigation. The IDEA is designed to benefit children. That is the central question. That is the sole basis, in our view, and I think this was the point that we want to take away from the Traverse Bay case, that's the sole basis for bringing a private right of action under the IDEA. The inquiry is, has a free and appropriate public education been provided to the child? Judge Smith, you're asking, well, what sort of principles will we use to cabin in an extension of time? The principle is this. Is the extension of time hurting the child? If an extension of time in an individual case or we would submit systemically is having the effect of undermining fate for children in this state, we think it's appropriate to go to a federal or state judge and make that case. There's no claim whatsoever in this case. The only allegation here is that the single extension of time in this one case had the potential effect, speculative effect, Your Honors, of possibly making settlement of the case harder. That's not good enough under the IDEA. The point I wanted to make about systemic violations of the law is that's just one more way of exhausting administrative remedies. We can't exhaust administrative remedies if you don't have a claim of a cause of action under the IDEA, and the IDEA is a jurisdiction conferring statute. The majority of cases, of courts in this, of circuits rather, in this country agree. It's jurisdiction conferring. You lose on subject matter jurisdiction if you don't demonstrate that faith is being undermined. No such demonstration here. No such allegation here. School district hasn't made out a case. Any further questions? Thank you, counsel. Thank you. You've exceeded your time, but we'll give you a minute. You're going to give me a minute? Yes. Thank you, Your Honor. The school district argues that the harm that's caused is inherent in the delay, and we think that is the analysis that is used in constitutional analysis of due process and should be included in the statutory due process analysis also. What about the counsel's point that the purpose of the IDEA is to help children? It recognizes implicitly that it makes it difficult on school districts. Your Honor, there's a presumption that the school districts aren't trying to help the child also, that the school district is somehow the adversary in that situation, and the parent has only the only party that has the concern of the child that interests. We think that is a false premise. The school district's interest in these cases typically is because they have a dispute as to what's the most benefit for the child. But at bottom, counsel, isn't the honest statement that your district is concerned about the financial impact of delay, attorney fees, and the like, isn't that kind of a cry of frustration against the IDEA itself and the federally imposed mandate in effect? Your Honor, the indirect results of the delay, the delay itself is what we think is the harm, but the indirect cost the school district is concerned with. It isn't the fact that the clock goes around a lot of times, it's cost to district money, right? It's not only the money, it's the stress, it's the anxiety, it's the loss of the child's education for a period of time while the matter's ongoing because of strategies. Well, that's not necessarily true, counsel. There's something that may have been set up for the child and you may just want to alter it. It depends on the situation, doesn't it? The school district wants to offer an appropriate program, and that is the concern of the school district to alter it. Right, but if you get an ALJ, you just haven't been able to work it out. So, let's say you have another school district in the state of Washington. They want a continuance because they don't have an expert. Are we supposed to say, no, you can't get a continuance, you can't put on your case, we've held that the time limits must be strictly construed. Is that fair to the other school districts? I think, Your Honor, I've been doing this for 30 years, I've never asked for a continuance. You haven't, but I think the record will probably show that they have because I've certainly seen cases, and I've had, we've had other IDA cases from other states in which the parents have argued that the school district was delaying. So, there are two sides to this coin. It's very difficult for me to see how we're going to be fair to everybody if we don't let the ALJs make a decision on a discretionary basis. And, Your Honor, we think that the law has been misapplied over the years and has become more legalistic, overly legalistic over the years that, in fact, if we had a decision within 45 days, the parties would not be as frustrated at the end of the conclusion, the child would have the appropriate education determined immediately, and there would be none of the harm that Senator Williams discussed when the idea was passed in 1975. Okay, thank you, Counsel. Thank you. The case is submitted for decision.
judges: Collins, Thomas, Smith M.